UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

JAMES CHRISTIAN and
TINA CHRISTIAN,

      Plaintiffs,

v.                                               Civil Action No.     5:24-cv-00673

PINN MC WIND DOWN CO., LLC and
BLUESTONE RESOURCES, INC. and
ALPHA METALLURGICAL RESOURCES, INC. and
BROOKS RUN SOUTH MINING, LLC,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs James and Tina Christian's ("Plaintiffs") Motion to Remand [ECF 12], filed April 21, 2025. Defendant Bluestone Resources, Inc. ("Bluestone") responded in opposition [ECF 14] on April 22, 2025, to which Plaintiffs replied [ECF 16] on April 22, 2025. The matter is ready for adjudication.

I.

On May 24, 2024, Plaintiffs instituted this action in the Circuit Court of Wyoming County. [ECF 1, Ex. A at 1]. Plaintiffs stated claims against Defendants for negligence and destruction of property [*Id.* at 8–10]. Defendants Bluestone and Alpha Metallurgical Resources, Inc., timely filed motions to dismiss on June 27, 2024, and Pinn MC Wind Down Co., LLC, answered on June 28, 2024. [*Id.* at 1–2]. The Circuit Court of Wyoming County granted the motions to dismiss on July 11, 2024. [*Id.* at 2].

On October 23, 2024, Plaintiffs moved to file a first amended complaint ("amended

Complaint"), which the Circuit Court of Wyoming County granted on October 29, 2024.[1] [ECF 1, Ex. A at 92–108]. The amended Complaint added Defendant Brooks Run South Mining, LLC, and alleges (1) violation of the West Virginia Surface Coal Mining and Reclamation Act pursuant to *West Virginia Code* section 22-3-25(f), (2) trespass, (3) private nuisance, and (4) public nuisance. [ECF 1, Ex. B]. On November 22, 2024, Bluestone removed on diversity grounds. [ECF 1].

On April 21, 2025, Plaintiffs filed a Motion to Remand. [ECF 12]. They allege removal was untimely and that the court lacks subject matter jurisdiction. [*Id.*]. Specifically, Plaintiffs claim the instant notice of removal was filed at least 148 days after Bluestone was served with the initial complaint. [*Id.*]. As to subject matter jurisdiction, Plaintiffs assert Bluestone is non-diverse inasmuch as its principal place of business is in Daniels, West Virginia. [ECF 13 at 7].

Bluestone responded by incorporating its argument from a corresponding motion to remand in the prior consolidated matter, which has since been dismissed. [ECF 14 at 2]. Bluestone there contended its headquarters in Roanoke, Virginia, is where all "internal accounting and legal operations are performed, where Bluestone's president and general counsel reside, and where all high-level corporate decisions are made." [Case No. 5:24-cv-484, ECF 17]. Bluestone further contends Plaintiffs' untimely removal argument fails inasmuch as Plaintiffs "hid the ball by filing a barebones initial action to ensure that the matter would remain in state court until the default removal period had elapsed, thereafter substituting a far more elaborate amended pleading that at least revealed their pursuit of damages in excess of the jurisdictional threshold." [ECF 14 at 1].

---

[1] The amended Complaint was attached to Plaintiffs' motion for leave. Inasmuch as Plaintiffs did not thereafter re-file their amended Complaint, the Court construes the date to which the Circuit Court granted Plaintiffs' motion for leave as the date it was filed.

## II.

Title 28 U.S.C. § 1446 specifies the procedure for removing civil actions to federal court. The pertinent provisions are recited below:

> **(a) Generally**.--A defendant . . . desiring to remove . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**--(1) The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> **(c) Requirements; removal based on diversity of citizenship.**--
>
> . . .
>
> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>>
>>> (i) nonmonetary relief; or
>>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

3

>> and
>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> (3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C.A. § 1446(a), (b)–(c); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017).

As indicated in § 1446, if there is diversity between the parties, a defendant must remove, as applicable, within (1) 30 days after receiving a complaint with a specific monetary demand exceeding the jurisdictional threshold, (2) 30 days after receiving a complaint with, *inter alia*, an unspecified monetary demand that a removing defendant may nevertheless show, by a preponderance of the evidence, actually exceeds the jurisdictional minimum, or (3) 30 days after defendant receives a pleading, motion, order or other paper first demonstrating the amount in controversy is otherwise satisfied. 28 U.S.C. §§ 1446(b), (c)(2)–(3); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

Removability hinges "upon the state of the pleadings and the record at the time of removal . . . ." *Francis*, 709 F.3d at 367 (quoting *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would

produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "When there is no *ad damnum* clause or settlement demand, the court . . . looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D.W. Va. Nov. 29, 2011) (internal citations omitted).

### III.

Strictly construing the removal statutes, Defendants were required to remove this action by June 23, 2024,[2] or 30 days after service of process, including the initial complaint, unless "the case stated by the initial pleading [was] not removeable." 28 U.S.C. § 1446(b)(3). If such were the case, Defendants had 30 days following the receipt of the "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable" to remove this action. *Id.* Plaintiffs claim, however, that Defendants are not diverse and that the initial complaint plainly exceeded the jurisdictional amount in controversy. [ECF 13]. Defendants responded they are diverse and that the amended Complaint is the pleading that started the removal clock inasmuch as the initial complaint's "skeletal allegations and minimalist claims offered no good-faith basis for removal." [ECF 14 at 4].

#### A.    *Diversity of Citizenship*

It is disputed that complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a). A corporation's citizenship consists of every state where it is incorporated and the one state where it has its principal place of business. *Id.* § 1332(c)(1); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 353 (4th Cir. 2020). The "nerve center" test is the appropriate

---

[2] The precise date of service is undetermined.

method for determining a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities."); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170–71 (4th Cir. 2014).

Bluestone is incorporated in Delaware. Plaintiffs' diversity argument centers on the principal place of business. It contends the office address that the West Virginia Secretary of State has on file for Bluestone is in West Virginia [Case No. 5:24-cv-484, ECF 13 at 2] -- an argument that fails to meet the standards set by our Court of Appeals. *C. W. Virginia Energy Co., Inc. v. Mt. State Carbon, LLC.*, 636 F.3d 101, 105 (4th Cir. 2011) (finding that "merely filing a government form listing a principal place of business, without more, would be insufficient to establish a corporation's 'nerve center.'"). Bluestone's headquarters is located in Virginia, where it makes all high-level corporate decisions. [Case No. 5:24-cv-484, ECF 17, Ex. A]. Additionally, Bluestone's principal place of business has been determined to be in Virginia in previous unrelated matters, including within this district. *See Portfolio Advisors VIII, LLC v. Bluestone Res., Inc.*, No. 5:20-CV-00493, 2020 WL 7294596, at *2 (S.D.W. Va. Dec. 10, 2020) ("it appears undisputed that . . . Bluestone's principal place of business is in Virginia."); *1st Source Bank v. Bluestone Res., Inc.*, No. 7:24-CV-00118, 2024 WL 4202732, at *1 (W.D. Va. Sept. 16, 2024).

The Defendants were aware of diversity citizenship at the time of the initial complaint. Hence, for the Court to treat the amended Complaint in this case as an "other paper" pursuant to 28 U.S.C. § 1446, the initial pleading must not be "removable solely because the amount in controversy does not exceed [$75,000]." 28 U.S.C. § 1446(c)(3)(A).

**B.     Amount In Controversy**

Plaintiffs' three-page, initial complaint sought monetary relief for negligence and

destruction of property. [ECF 1, Ex. A at 8–11]. They requested "compensatory damages, damages for indignity, embarrassment, humiliation and emotional distress, and punitive damages." [*Id.* at 10]. Plaintiffs also affixed a demand for prejudgment interest and attorney fees and costs. [*Id.*].

Regarding compensatory damages, there are no facts signifying that property damage repairs exceeded $75,000. Plaintiffs only specified that the "water flooded the yard and the mobile home" and generally alleged severe damage as a result. [*Id.* at 9]. Without sufficient detail as to the alleged damage caused to Plaintiffs' home, the Court is unable to compare amounts awarded in similar cases. *Compare Brooks v. City of Huntington*, 234 W. Va. 607, 618, 768 S.E.2d 97, 108 (2014) (reinstating the jury's award of damages of $482,250 in a negligence case for the cost to raise petitioners' homes from flood damage), *with Gallagher v. City of Westover*, 167 W. Va. 644, 645, 280 S.E.2d 330, 331 (1981) (affirming a jury verdict awarding $15,000 for the City's negligent construction of streets and storm drains that caused flooding). Moreover, they did not allege facts supporting a claim for emotional distress sufficient to warrant recovery, much less recovery that would meet the jurisdictional threshold. Further, inasmuch as a claim for "destruction of property" is not recognized under West Virginia tort law, Plaintiffs' request for punitive damages is not applicable to their straightforward negligence claim. *See Trammell v. Sylvanus Grp.*, LLC, 611 F. Supp. 3d 222, 226 (S.D.W. Va. 2020) ("A court may also consider punitive damages, if available under the law, when determining the amount in controversy."); Syl. Pt. 7, *Stephens v. Rakes*, 235 W.Va. 555, 775 S.E.2d 107, 111 (2015) (stating punitive damages are appropriate in actions of tort where "gross fraud, malice, oppression, or wanton, willful, or reckless conduct . . . appear."). It was not shown by a preponderance of the evidence from the face of the initial complaint that the matter was capable of removal.

Plaintiffs filed their amended Complaint on October 29, 2024. The Complaint

alleged entirely different claims under the West Virginia Surface Coal Mining and Reclamation Act, trespass, private nuisance, and public nuisance. [ECF 1, Ex. B]. Additionally, it detailed that the alleged misconduct "has eroded the Plaintiffs' property, necessitated the removal and loss of their heat pump, invaded the underpinning of their dwelling and structures, eroded the foundation of their dwelling and thereby damaged it, contaminated their well and drinking water, and interfered with the use of enjoyment of their private property." [*Id.* at 10]. Unlike the initial complaint, the amended Complaint alleges specific, substantial harms that, when taken together with the newly asserted claims, clearly support a finding that the amount in controversy exceeds $75,000, thereby rendering the case removable.

**IV.**

The removal timer was triggered by the October 29, 2024, amended Complaint. Bluestone's November 22, 2024, removal was thus timely.

Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand [**ECF 12**]. The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, to any unrepresented party.

ENTER:   June 17, 2025

Frank W. Volk
Chief United States District Judge